UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE BEAUREGARD and SUSAN BEAUREGARD, and the marital community composed thereof;<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HILLOCK, et al.,<br><br>Defendants. | Case No. C09-1614RJB<br><br>ORDER DISMISSING CASE |

This matter comes before the court on review of the file, on plaintiffs Motion for Preliminary Injunction (Dkt. 3), and on plaintiff's Motion for Permission to File Amended Complaint in Camera, filed on November 23, 2009. The court has considered the relevant documents and the remainder of the file herein.

## INTRODUCTION

On November 12, 2009, plaintiffs filed a civil action against numerous individuals, alleging causes of action for involuntary servitude, civil rights violations, RICO violations, and Sherman Act violations. Dkt. 1. On November 12, 2009, plaintiffs filed a Motion for Preliminary Injunction. Dkt. 3. On November 23, 2009, plaintiffs filed an amended complaint, and a Motion for Permission to file Amended Complaint in Camera, apparently seeking to state a claim under the False Claims Act, 31 U.S.C. § 3729 and § 3730. Dkt. 6.

The court has carefully reviewed all of the materials filed by plaintiffs, and will address the claims

ORDER
Page - 1

and issues presented in these materials, in the light most favorable to plaintiffs, and has afforded plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Since plaintiffs filed an amended complaint, that amended complaint will be the operative document. "The amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).

## FILING MATTERS

As an initial matter, the court should deal with issues regarding filing in this case. On November 23, 2009, plaintiffs filed Motion for Permission to File Amended Complaint in Camera, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(1). Plaintiffs request that the Amended Complaint for Damages, and for Declaratory and Injunctive Relief (hereafter Amended Complaint), filed with the motion, be filed under seal. Plaintiffs' Motion for Permission to File Amended Complaint in Camera, filed on November 23, 2009, is **DENIED**. The Clerk is directed to file the Amended Complaint.

On November 23, 2009, plaintiffs filed a Praecipe, with a notation "Sealed Original", requesting that the Clerk issue summonses in this case. On November 25, 2009, plaintiffs filed a "Sealed Praecipe," requesting that the Clerk issue summonses under seal, apparently pursuant to the False Claims Act. Plaintiffs' request that the Clerk issue summonses, whether under seal or not, is **DENIED**. The Clerk is directed not to issue the summonses requested by plaintiffs, but to file in the case all documents received by plaintiff; those documents shall not be filed under seal. *See* Western District of Washington Local Rule 5(g) regarding sealing of documents filed with the court.

## LEGAL STANDARD

A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ..P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th

Cir.1995)(Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.).

In this case, the court has reviewed the voluminous pleadings plaintiffs filed, in an attempt to determine whether there are any viable causes of action in this case. The court notes that the 214 page Amended Complaint does not comply with Fed.R.Civ.P. 8 (a)(2), which provides that a pleading for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.". Plaintiffs' pleadings discuss state and federal court proceedings that have already been concluded and that have addressed the merits of many of the underlying issues in this case; make conclusory allegations with little or no factual support for those allegations; and make presumptions about the motives of defendants, with no factual support. In this order, the court has attempted to isolate the claims that plaintiffs appear to be making and to determine whether those claims are viable or are frivolous, as having no basis in fact or law.

## DISCUSSION

**1.      Lewis County Case: *Hillock et al v. Beauregard et al v. Merrill et al*, Lewis County Superior Court No. 03-2-00924-3**

Pages 15 - 97 of the amended complaint set forth allegations and issues that involve a property dispute and a state court action related to that property dispute (see citation above).

Plaintiffs allege that they own property in Lewis County. Defendants John Hillock, Sandra Hillock, Edward Merrill, and Wanda Merrill own or owned property adjacent to or near plaintiffs' property. A civil action was filed in Lewis County Superior Court, under Cause No. 03-2-00924-3. The civil action, apparently filed in 2003, involved a dispute over boundary lines, water rights, and access. The Lewis County Superior Court, a defendant in this case, issued an order quieting title in June of 2004. Plaintiffs appealed the order to Division II of the Washington Court of Appeals, which affirmed the decision of the Lewis County Superior Court. On September 7, 2006, the Washington Supreme Court denied review.

The Amended Complaint in this case reargues the facts regarding plaintiffs' property and water rights. These issues were determined in the Lewis County case, although, in the instant case, plaintiffs attempt to involve Lewis County sheriff's employees, and attempt to allege claims under RICO and the

Sherman Act, in addition to civil rights claims, and a claim for Involuntary Servitude, all arising from the Lewis County case. Plaintiffs have not stated a cognizable claim regarding the property dispute with the Hillocks and the Merrills for a number of reasons, including the following: (1) The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); (2) Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Takahashi v. Bd. of Trustees of Livingston*, 783 F.2d 848, 850 (9th Cir.) (quoting *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984)), *cert. denied*, 476 U.S. 1182 (1986); under Washington law, *res judicata*, or claim preclusion, prohibits the same parties from litigating a second lawsuit on the same claim or any other claim that could have been, but was not, raised in the first suit. *Roberson v. Perez*, 156 Wash.2d 33, 41 (2005); (3) United States District Judge Franklin D. Burgess dismissed a case plaintiffs filed against the Hillocks and the Merrills, *Beauregard v. Hillock, et al.*, C07-712FDB, on the basis that the federal court did not have jurisdiction, and could not function as a court of appeal in the matter; the Ninth Circuit Court of Appeals affirmed the district court; (4) in C07-712 FDB, Judge Burgess dismissed the Involuntary Servitude claim on the basis that the federal court does not have appellate jurisdiction over that claim; the Ninth Circuit affirmed the district court; and (5) plaintiffs' attempts to reargue the facts related to the state court property dispute in the guise of RICO and Sherman Act claims are frivolous and without merit. The court notes that the state court also dealt with Mr. Hillock firing guns on his own property, and plaintiffs' fear that they would be shot by Mr. Hillock. Any claims related to the property dispute should be dismissed.

**2. Building Inspections and Permits, and Harassment by County Employees prior to filing of C05-5738RJB on November 4, 2005**

The issues surrounding these claims appear primarily at pages 97 - 114 of the amended complaint.

Plaintiffs allege that Lewis County Employees harassed them by refusing to investigate their complaints, and refused to let plaintiffs proceed with their plans for their property by doing improper inspections and denying them necessary permits. It is difficult to determine the time line involved with

the allegations in these pages. Plaintiffs have not stated a cognizable claim regarding these issues for the following reasons: (1) the claims are barred by *res judicata* because the building inspection/permitting issues were determined against plaintiffs in *Beauregard v. Lewis County Washington*, C05-5738RJB; (2) virtually all of the claims are barred by the statute of limitations; and (3) plaintiffs' attempts to reargue the facts in the guise of RICO and Sherman Act claims are disingenuous; the claims are frivolous and without merit. Any claims regarding building inspections, permits, and harassment by Lewis County employees, prior to November 4, 2005, should be dismissed.

### 3. Actions of Defendants After Filing of Complaint in *Beauregard v. Lewis County Washington*, C05-5738RJB, on November 4, 2005

The issues surrounding these claims appear primarily at pages 114 - 134, and 184 - 207 of the Amended Complaint.

It is difficult to determine the exact nature of the claims set forth in these sections of the Amended Complaint. However, it appears that plaintiffs are alleging that, even after plaintiffs filed their complaint in C05-5738RJB, defendants L. Michael Golden, Lewis County Prosecutor; former Prosecutor Douglas Jensen; Lewis County Commissioners Richard Graham, Ron Averill, and F. Lee Grose; former Lewis County Sheriff John McCroskey; Lewis County Sheriff Steve Mansfield; Director of Community Development Robert Johnson; and Lewis County Building Official Fred Chapman, "are engaging in conduct that is furthering the Hillocks' invasion of the Beauregards' legitimate property rights identified in an easement from Weyerhaeuser." Amended Complaint, at 114. It appears that plaintiffs believe that the Hillocks and Merrills; their attorneys Scott E. Blinks, Rene J. Remund; and J. Vanderstoep; and the law firm of Vanderstoep, Remund, Kelly & Blinks, are involved with the county officials in violating plaintiffs' rights.

*Civil Rights Claims*. Plaintiffs believe that these defendants are deliberately attempting to interfere with plaintiffs' property rights, for the benefit of the Hillocks. Plaintiffs' appear to allege that these officials are retaliating against plaintiffs for speaking out against the officials. Plaintiffs allege that these officials violated their civil rights under 42 U.S.C. §§ 1981 (Involuntary Servitude), 1982, 1983 and various other statutes , RICO, and the Sherman Act. There are no factual allegations, after November 5, 2005, supporting these claims. Plaintiffs have not shown facts supporting a cause of action for violation

of their civil rights.

*RICO Claims.* Plaintiffs allege that defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*. (RICO) in the following manner:

> (2) in conduct analogous to violation of 18 U.S.C. §1951, these Enterprise Defendants, while designing to engage and/or engaging in conduct affecting interstate commerce, have taken substantial steps to forcibly obtain and/or extort, and/or, have forcibly obtained and/or extorted property from the Beauregards, where; (a) John Hillock has attempted to obtain property by force, and/or has obtained property by force from the Beauregards by threat of violence, and/or; (b) the Enterprise Defendants have under color of right, improperly forcibly obtained and/or have taken substantial steps that improperly attempted to forcibly obtain property from the Beauregards; by force with misuse of the legal process.

Amended Complaint, at 186.

RICO makes it unlawful for any person who has received income from a pattern of racketeering activity to use or invest the income in any operation or interest affecting interstate commerce. 18 U.S.C. § 1962. In order to state a RICO claim, plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering acts (predicate acts) (5) constituting the proximate cause of injury to plaintiff's property. 18 U.S.C. § 1862(c) and 18 U.S.C. § 1864(c); *Sedema, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The allegations in the complaint fail to state a RICO claim because they have not sufficiently alleged facts to show that there is an enterprise, nor have they shown a pattern of racketeering acts.

An enterprise is any individual, partnership, corporation, or other legal entity, and any union of a group of individuals associated in fact although not a legal entity. 18 U.S.C. § 1961(4). A plaintiff must plead the existence of a formal or informal ongoing organization that functions as a unit. *United States v. Turkette*, 452 U.S. 576, 580 (1981). The organization must have a structure and that structure must be separate from the pattern of alleged racketeering, providing a mechanism for controlling and directing the affairs of the enterprise. *Chang v. Chen*, 80 F.3d 1293, 1298 (1996). The structure must have a function beyond the commission of the predicate acts; existence of some other activities is sufficient. *Chang*, 80 F.3d at 214; *United States v. Riccobene*, 709 F.2d 214, 223-224 (3d Cir. 1989) *as amended*. There must also be a nexus between the enterprise and the predicate acts. *River City Markets, Inc. v. Fleming Foods West, Inc.*, 960 F.2d 1458 (9th Cir. 1992). Plaintiffs have not shown that the individuals or entities named in the complaint constitute an enterprise. Further, plaintiffs have not alleged any predicate act, much less a pattern of racketeering acts, within the four year statute of limitations for a RICO claim. *See Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 156 (1987). Further, plaintiffs have made numerous

conclusory statements, but have not alleged facts supporting those conclusory statements; and they have speculated on the motives of defendants, without factual basis. Plaintiffs have not stated a claim for violation of RICO. The claims are frivolous and without merit.

*Sherman Act Claims.* Plaintiffs allege that defendants violated the Sherman Act (15 U.S.C. §§ 1 and 2, by foreclosing plaintiffs' ability to sell real estate and products. In order to prove a conspiracy in restraint of trade under § 1 or § 3 of the Sherman Act, 15 U.S.C.A. §§ 1 and 3, or a conspiracy to monopolize under § 2 of the Sherman Act,15 U.S.C.A. § 2, the plaintiff must allege (1) the conspiracy, *Southway Theatres, Inc. v. Georgia Theatre Co.*, 672 F.2d 485 (5th Cir. 1982); *Cosmetic Gallery, Inc. v. Schoeneman Corp.*, 495 F.3d 46 (3d Cir. 2007); (2) damage to the plaintiff, *Alexander Milburn Co. v. Union Carbide & Carbon Corporation*, 15 F.2d 678 (C.C.A. 4th Cir. 1926); *Twin Ports Oil Co. v. Pure Oil Co.*, 119 F.2d 747 (C.C.A. 8th Cir. 1941); and (3) a causal connection between the antitrust violations and the plaintiff's injury, *Lefrak v. Arabian Am. Oil Co.*, 405 F. Supp. 597 (E.D. N.Y. 1975). A conspiracy in violation of the Sherman Act is established where the evidence warrants a finding that the conspirators had a unity of purpose or common design and understanding or a meeting of minds in an unlawful arrangement. Plaintiffs have not alleged facts that could establish a conspiracy to monopolize or restrain trade. This claim is frivolous and without merit.

**4. False Claims Act, 31 U.S.C. § 3729, et seq.**

Plaintiffs contend that defendants violated the False Claims Act (FCA). The basis for that claim is unclear, although it is possible that the claim is based upon a contract entered into or approved by the Lewis County Commissioners and the Washington Department of Health, using federal funds. The contract, involving $20,000 of federal funds, apparently was designed to assess and evaluate water contamination in Lewis County. The Washington Department of Health provided a total of $30,000 in connection with the contract. The Amended Complaint apparently claims that the Lewis County Commissioners never intended to fund a public water system, and that the contract was therefore entered into fraudulently. In addition, the complaint alleges that there is $10,000 unaccounted for, since the federal funds amounted to only $20,000.

To state a claim for a FCA violation, a plaintiff must allege that the defendant actually violated the FCA by knowingly submitting a false claim or providing faulty goods to the government. *See* 31 U.S.C. §

3729(a) (describing acts that constitute violations of the FCA). The essential elements of FCA liability are the following: (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due. *See* 31 U.S.C.A. § 3729 *et seq*.

The Amended Complaint does not show that there is was a false statement or fraudulent course of conduct on the part of any of the defendants. According to the Amended Complaint, the contract was issued for the purpose of evaluating possible contamination of the Doty-Dryad aquifer after the 2007 flood. Whether Lewis County subsequently decided to take action, or not, plaintiffs have not alleged facts that would establish a false statement or fraudulent course of conduct associated with the contract. Further, whether the Washington Department of Health paid $10,000 in excess of the federal funds is irrelevant to the expenditure of federal funds. This is a frivolous claim.

**5. Other Claims**

Plaintiffs raise various issues that are difficult to categorize; these issues appear primarily at pages 134 - 153 of the Amended Complaint. Plaintiffs claim that Lewis County officials, defendant governor Christine Gregoire, the Washington Department of Health and its Secretary, and the Washington Department of Ecology refused to uphold and enforce the public policy of the United States regarding the use of public water within Lewis County; and that plaintiffs

> have a well founded fear of persecution by these such officials who wish to silence the Beauregards by intentionally harassing, hindering, delaying and preventing and dissuading Beauregards from their continued activities exposing facts which cause Beauregards to have reasonable cause to believe, and therefore to report, that such officials are deliberately and knowingly and/or willfully failing and refusing to enforce the laws, regulations and public policy of the United States, which laws, regulations and policy relate to the appropriate and legitimate use of the navigable waters of the United States and the surface and ground waters of the State of Washington.
>
> * * * * * * * * *
>
> Such officials have subjected the Beauregards to economic persecution and otherwise have persecuted the Beauregards when the Beauregards having notified such officials that certain specified residents of western Lewis County have deliberately, knowingly and/or willfully violated the laws, regulations and public policy of the United States.

Amended Complaint, at 135. These claims speculate on the motivation of county and state officials, without factual support. The claims are frivolous and without merit.

Plaintiffs also contend that a declaration of Fred Chapman, filed in *Beauregard v. Lewis County Washington*, C05-5738RJB, constituted misrepresentation of material facts relating to surface waters in

ORDER
Page - 8

1 Western Lewis County. There is no factual support for this claim. Further, any such claim is barred
2 because the issues in C05-5738RJB were fully litigated and resolved against plaintiffs.

Plaintiffs contend that Lewis County Commissioners obtained federal funds through a contract with the Washington Department of Health, to assess water contamination in Lewis County, but took no action to develop a public water system. Plaintiffs have not shown that he has standing to pursue a claim related to this issue, nor has he stated a cognizable federal claim. This is a frivolous claim.

Plaintiffs also contend that they are frightened that Mr. Hillock may harm them by firing a gun at them. This statement does not state a federal claim.

**6. Motion for Preliminary Injunction**

On November 12, 2009, plaintiffs filed a Motion for Preliminary Injunction, requesting that this court issue an injunction, requiring defendants, "during the pendency of this action, to refrain from engaging and/or continuing to engage in acts, which are inequitable and/or contrary to federal laws governing interstate commerce, and/or; are the cause of irreparable injury and damage to the Beauregards, and are contrary to equity and good conscience, public policy and public interests. Dkt. 3, at 2-3.

The basic function of such injunctive relief is to preserve the *status quo* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008).

Plaintiffs' claims are frivolous and without merit. By this order, the case is dismissed; plaintiffs have not shown a likelihood of irreparable harm in the absence of preliminary relief. The balance of equities does not tip in favor of plaintiffs. An injunction is not in the public interest. Plaintiffs' Motion to Preliminary Injunction should be denied.

**7. Dismissal**

As noted above, a trial court may dismiss a complaint when the plaintiffs cannot possibly obtain relief. This case is frivolous because there is no arguable basis in law or fact. Plaintiffs have continued to pursue claims that have been dismissed or resolved against them in state and federal courts. They continue

to allege conspiracy by private and public individuals, without any factual basis. This case, which required an inordinate amount of the court's time to review pleadings and analyze claims, was a waste of the court's resources. Plaintiffs should be informed that, if they continue to pursue frivolous claims in this court, they may be subject to sanctions under Fed.R.Civ.P. 11.

Therefore, it is hereby

**ORDERED** that plaintiffs Motion for Preliminary Injunction (Dkt. 3) is **DENIED**. This case is **DISMISSED** as frivolous and for failure to state a claim. Plaintiffs may not file another amended complaint.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of December, 2009.

Robert J. Bryan
United States District Judge